T.C. Summary Opinion 2008-38


UNITED STATES TAX COURT


CHAMICKA L. RUBEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1371-07S.                    Filed April 16, 2008.


    Chamicka L. Ruben, pro se.

    <u>Joel McMahan</u>, for respondent.


    ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

_____

    [1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 2005,
the taxable year at issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax for 2005 of $2,662 on the basis of the disallowance of a claimed dependency exemption deduction, head of household filing status, and an earned income credit (EIC). After concessions by respondent,[2] the only issue that remains is petitioner's entitlement to an EIC for a minor living with her, K.W.[3] For the reasons discussed below, we hold that she is not entitled to the EIC.

## Background

At the time the petition was filed, Chamicka L. Ruben (petitioner) resided in Florida.

In 2005, petitioner was working as a car detailer and living with T.K. and T.K.'s two children.[4] Petitioner is not related to T.K. or to the children by blood or marriage. T.K. did not work, and petitioner provided all of the support for the children.

When petitioner filed her Federal income tax return for

---

[2] Respondent conceded both the dependency exemption deduction and the head of household filing status issues; respondent also conceded that petitioner is entitled to an earned income credit without regard to a qualifying child of $296.

[3] It is the Court's practice to refer to minors only by their initials.

[4] As T.K. is not a party to these proceedings, and in the interest of privacy, T.K. is referred to only by initials.

2005, she claimed an EIC for K.W., one of T.K.'s children.

## Discussion

An eligible individual is entitled to an EIC against the individual's income tax liability, subject to certain requirements. Sec. 32(a)(1). Different percentages and amounts are used to calculate the credit depending on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children. Sec. 32(b).

To be eligible to claim an EIC with respect to a "qualifying child", a taxpayer must establish, inter alia, that the child bears one of the defined relationships to the taxpayer outlined in section 152(c)(2).[5] See secs. 32(c)(3)(A), 152(c)(1)(A).

Section 152(c)(2) defines "qualifying child" as:

> (A) a child of the taxpayer or a descendant of such a child, or

> (B) a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of any such relative.

Although petitioner satisfies other requirements for being entitled to an EIC for K.W., see sec. 152(c)(1)(B) and (C), petitioner's relationship to K.W. is not one of the eligible relationships specified by the statute, and petitioner is

---

[5] Although it used to be that, under certain circumstances, an EIC could be claimed for a child that a taxpayer "cared for as [her] own", the statute was amended; and now only a qualifying child or a foster child, see sec. 152(f)(1)(A)(ii) and (C), enables a taxpayer to claim an EIC.

therefore not entitled to claim an EIC for him.

## Conclusion

For the reasons discussed above, we sustain respondent's determination that petitioner is not entitled to an earned income credit for K.W.

To reflect our disposition of the disputed issue, as well as respondent's concessions,

<u>Decision will be entered under Rule 155</u>.